IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CR-00448-DAE |
| | § | |
| vs. | § | |
| | § | |
| (1) MICHAEL DEWAYNE SHEEDS, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the Government's Petition to Foreclose Lien [#79] and Motion for Entry of Final Judgment of Foreclosure [#85], which were referred to the undersigned for a report and recommendation.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that the petition and motion be **GRANTED**.

**I. Procedural Background**

On July 27, 2021, Defendant Michael DeWayne Sheeds pled guilty to production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).  Defendant was sentenced by this Court to fifty years of imprisonment to be followed by twenty years of supervised release.  (Judgment [#65] at 2–3.)  Defendant was also ordered to pay a $200 special assessment, $100,000.00 in restitution, and a $10,000.00 fine under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014(a).  (*Id.* at 6.)  Defendant has paid none of the

special assessment, restitution, or fine; $110,200.00 remains outstanding on his criminal debt, which bears interest at a rate of 0.080 percent.

The United States filed a Petition to Foreclose Lien on September 27, 2021 [#79] seeking to foreclose its lien on the property.  The Petition was served on Defendant by the United States Marshal and upon 21st Mortgage Corporation by Federal Express.  No answer or motion was filed by Defendant or 21st Mortgage in response to the Petition.  On December 8, 2021, the United States moved for entry of a final judgment of foreclosure [#85].

## II.  Analysis

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."  18 U.S.C. § 3613(a) & (f).  One such procedure is a lien against Defendant's property pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).  A lien in favor of the United States arose upon Defendant's sentence and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding restitution.  *See* 18 U.S.C. § 3613(c). The United States recorded its lien against Defendant's real property located at 143 Biloxi Path, Bandera, Texas 78003 ("the Property") in the Official Public Records of Bandera County, Texas as Document No. 00246995 on September 3, 2021.  (Ex. B [#79-2].)

The United States now seeks to foreclose its lien and sell the Property pursuant to 28 U.S.C. §§ 2001 *et seq.* through a receiver under 18 U.S.C. §§ 3613 and 3664(m)(1)(A) and 26 U.S.C. § 7403.  The Government is required to notify any person with a lien on or claim to the Property before an order enforcing the lien can be entered.  Here, the Government notified both Defendant and the mortgagee of the Petition.  Neither filed an answer or motion.

### III.  Conclusion and Recommendation

In summary, the request for foreclosure by the United States meets the statutory requirements and no objection has been raised by Defendant nor the mortgagee.  Accordingly,

**IT IS THEREFORE RECOMMENDED** that The United States of America's Petition to Foreclose Lien [#79] and Motion for Entry of Final Judgment of Foreclosure [#85] be **GRANTED**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of January, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE